UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OTHELL BICKERSTAFF, and
SHRINK WRAP INTERNATIONAL,
INC., a Pennsylvania corporation,   Case No. 1:04-CV-712

        Plaintiffs,
v.   Hon. Richard Alan Enslen

DR. SHRINK, INC., a Michigan
corporation, and MICHAEL
STENBERG,
           **ORDER**
        Defendants.
_____/

    This matter is before the Court on Defendants Dr. Shrink, Inc. and Michael Stenberg's Motion for Summary Judgment. Plaintiffs Othell Bickerstaff and Shrink Wrap International, Inc. have opposed the Motion. Oral argument is unnecessary since the Motion may be readily decided on the written submissions.

    Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a

reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This is a federal action involving trademark claims for false designation of a patented product under 15 U.S.C. § 1125(a)(1)(A), for patent infringement under 35 U.S.C. § 271, for breach of a September 2000 Settlement Agreement, and for other related claims. In the present case, there are factual questions which prevent the grant of summary judgment to Defendants. These factual questions include: whether Defendants initiated an advertising complaint in 2003 (after the period covered by the release in the prior Agreement) which made use of "the Accused Vent" (referring to the patented product) without right to do so and in violation of the Agreement. (*See* Ver. Compl. ¶ 15 & Ex. 3.) There is also a genuine issue of material fact whether Defendant Stenberg, as President of Dr. Shrink, Inc., directed the advertising in question and thereby directly participated in a breach of the Agreement and a statutory violation for which he may be liable. (*See* Ver. Compl. ¶¶ 4, 15 & Ex. 3.) These questions are sufficient to prevent the grant of summary judgment.

Furthermore, while Defendants do not believe that Plaintiffs have filed sufficient evidence to create a genuine issue of material fact, in saying so Defendants ignore the Verified Complaint. Under Sixth Circuit law, the Verified Complaint constitutes a satisfactory affidavit under Rule 56. *See Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (stating that "[a]lthough the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint or additional affidavit, as presented in this case, satisfies the burden of the nonmovant to respond."); *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999) (same); *Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985) (same).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Dr. Shrink, Inc. and Michael Stenbert's Motion for Summary Judgment (Dkt. No. 54) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 13, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |